IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

ORWOLL, et al.,

Plaintiffs,

v.

DOJ, et al.,

Defendants.

Case No. 3:26-cv-00239-BSM

**SUGGESTIONS IN SUPPORT OF DEFENDANT DAVID CAMERON'S MOTION TO DISMISS**

COMES NOW, Defendant David Cameron, by and through the undersigned, and in support of his Motion to Dismiss Plaintiff's Complaint, makes the following suggestions pursuant to Local Rule 7.2.

**Allegations against Defendant David Cameron**

On July 29, 2025, David Cameron, City Manager of Springfield, Missouri, published a statement on the City of Springfield's government website under the joint signature of the Springfield City Council and the City Manager. This statement was in response to media reports "…regarding a group calling itself 'Return to the Land' and its alleged proposal to create a 'whites-only' enclave in the Springfield area." (See Doc 1, ¶ 54-57.)

Plaintiffs make no allegations that David Cameron or the City of Springfield (a) had any contact with any plaintiff; (b) had any contact or connection with any other defendant; (c) took any official action; (d) opened any investigation; or (e) made any additional statements about any plaintiff.

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS
OCT 09 2026
TAMMY H. DOWNS, CLERK
By: [signature] DEP CLERK

**Jurisdiction over David Cameron**

As a threshold matter, the allegations in Plaintiffs' Complaint do not establish jurisdiction to proceed against Defendant David Cameron in Arkansas. For purposes of considering jurisdiction, the proper inquiry is whether the facts alleged support a sufficient basis for exercising jurisdiction over the City of Springfield, Missouri, as a governmental entity. "An official-capacity suit is not a suit against that person; rather, it is a suit against the city for which the officer works." *Graham v. Cawthorn,* 2013 Ark. 160, 17, 427 S.W.3d 34, 47 (2013) (citing *Smith v. Brt,* 363 Ark. 126, 211 S.W.3d 485 (2005)). (See also *Schaffer v. Beringer*, 842 F.3d 585 (8th Cir. 2016)).

"Federal courts ordinarily follow state law in determining the bounds of their jurisdiction over persons." *Walden v. Fiore*, 571 U.S. 277, 283, 134 S.Ct. 1115, 1121, 188 L.Ed.2d 12 (2014)(quoting *Daimler AG v. Bauman*, 571 U.S. 117, 125, 134 S.Ct. 746, 753, 187 L.Ed.2d 624 (2014). "This is because a federal district court's authority to assert personal jurisdiction in most cases is linked to service of process on a defendant 'who is subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located.'" *Id.* (quoting Fed. Rule of Civ. Proc. 4(k)(1)(A)). "The inquiry whether a forum State may assert specific jurisdiction over a nonresident defendant 'focuses on the relationship among the defendant, the forum, and the litigation.'" *Id.* at 571 U.S. 283-84 (quoting *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 775, 104 S.Ct. 1473, 79 L.Ed.2d 790 (1984). "For a State to exercise jurisdiction consistent with due process, the defendant's suit-related conduct must create a substantial connection with the forum State." *Id.* "First, the relationship must arise out of contacts that the 'defendant *himself*' creates with the forum State." *Id.* (emphasis in original; quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985)).

In this case, there are no contacts between the City of Springfield, Missouri, or Mr. Cameron, and the State of Arkansas. The sole act alleged as to Mr. Cameron is that a message was posted to the City of Springfield, Missouri, website in response to reports appearing in local media. The Eighth Circuit Court of Appeals has squarely held that posting a message on the internet from another state does not create the connection necessary to confer jurisdiction. *Johnson v. Arden*, 614 F.3d 785, 795-97 (8th Cir. 2010). This case should be dismissed as to Mr. Cameron in its entirety for a lack of jurisdiction.

**Motion to Dismiss Standard**

Separate from the jurisdictional issues raised by the complaint, Plaintiffs have failed to state a claim for relief as to Mr. Cameron. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.ed 868 (2009)(*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1955, 167 L.Ed.2d 929 (2007)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly* at 550 U.S., at 555, 127 S.Ct. 1955). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly* at 557, 127 S.Ct. 1955).

**Count I – First Amendment Retaliation**

"The three elements of a First Amendment retaliation claim are: (1) the plaintiff engaged in protected activity, (2) the government took adverse action against the plaintiff that would chill a person of ordinary firmness from continuing in the activity, and (3) the adverse action was motivated at least in part by the exercise of the protected activity." *Wolk v. City of Brooklyn Center*, 107 F.4th 854, 859-60 (8th Cir. 2024)(citing *Green v. City of St. Louis*, 52 F.4th 734, 739

(8th Cir. 2022)). "The ordinary-firmness test is well established and is designed to weed out trivial matters from those deserving the time of the courts as real and substantial violations of the First Amendment." *Garcia v. City of Trenton*, 348 F.3d 726, 728 (8th Cir. 2003). The ordinary-firmness test is an objective one, not subjective. *Id.* at 729. "Government action that engages the punitive machinery of government to impose concrete consequences in retaliation for speaking out against the government chills speech, while non-actionable retaliatory measures that produce only embarrassment, humiliation and emotional distress" do not. *McNeally v. HomeTown Bank*, 155 F.4th 1000, 1007 (8th Cir. 2025)(internal quotations omitted).

Plaintiffs in this case have not alleged that Defendant Cameron, or the City of Springfield, "engaged the punitive machinery of government" against them. Plaintiffs allege only that Defendant Cameron issued a single statement, in response to media reports, expressing his opinion on a matter of public interest. Plaintiffs have not even expressly alleged that the statement of Mr. Cameron subjected them to embarrassment, humiliation, or emotional distress. However, even if such a conclusion could be reasonably inferred from their allegations, they would still fail to state a claim against Mr. Cameron for First Amendment retaliation.

**<u>Count II – Conspiracy to Violate Civil Rights</u>**

A conspiracy claim requires allegations of specific facts tending to show a meeting of the minds among the alleged conspirators. *Murray v. Lene*, 595 F.3d 868, 870 (8th Cir. 2010). Plaintiffs in this case fail to allege any facts demonstrating that Defendant Cameron arrived at a meeting of the minds with any other person. Plaintiffs do not even allege that Defendant Cameron had any contact whatsoever with any other defendant or that he was aware of any of the other defendants' alleged activities. Nothing in the factual allegations pertaining to Mr.

Cameron suggest a meeting of the minds and therefore Count II should be dismissed as to Mr. Cameron for failure to state a claim.

**Count III – Equal Protection – Selective Enforcement**

To succeed on a claim of selective enforcement, Plaintiffs "must show both that the enforcement had discriminatory effect, and that the enforcement was motivated by discriminatory purpose." *Gilani v. Matthews*, 843 F.3d 342, 348 (8th Cir. 2016)(quoting *United States v. Bell*, 86 F.3d 820, 823 (8th Cir. 1996)). As to Mr. Cameron, Plaintiff fails the threshold matter of identifying any enforcement action of any kind. The only act attributed to Mr. Cameron is a general statement, posted to the City of Springfield, Missouri, website in response to media reports. Plaintiffs do not allege that Mr. Cameron or the City of Springfield, Missouri, attempted to initiate any enforcement action against them.

Even if Mr. Cameron's statement could be construed as an enforcement action, Plaintiffs have not identified any similarly situated group as a basis of comparison. In their complaint, beginning at Paragraph 68, Plaintiffs draw a comparison to a group identified as Epic Real Properties in Plano, Texas. All of the allegations related to EPIC pertain to the United States Department of Housing and Urban Development. There is no allegation that Mr. Cameron had any awareness of EPIC Real Properties or their alleged activities. Even if Mr. Cameron was generally aware of EPIC Real Properties, they are not a similarly situated group with respect to the allegations against Mr. Cameron, as there was no similar media report that EPIC was considering placing a development in the Springfield, Missouri area.

**Count VI – Declaratory Judgment**

Plaintiffs have not stated a standalone basis for a declaratory judgment against Mr. Cameron. To obtain a declaratory judgment, Plaintiffs must establish (1) an independent basis

for subject matter jurisdiction; (2) Article III standing, including injury in fact, causation, and redressability; (3) an actual controversy that is substantial, concrete, and between parties with adverse legal interests; (4) ripeness, assessed through both the fitness of the issues for judicial decision and the hardship of withholding review; and (5) that the relief sought is prospective rather than a declaration of past liability. 28 U.S.C. § 2201. Plaintiffs fail to demonstrate an independent basis for subject matter jurisdiction in that the only declaration they seek is a declaration that Mr. Cameron's statement violated the First Amendment. They have already asserted a First Amendment retaliation claim, which will require them to prove a First Amendment violation if that claim is allowed to proceed. They also have not alleged an injury relative to the declaration that their First Amendment rights have been violated. They have not alleged that they have been subject to any adverse action, or threatened adverse action, by Mr. Cameron.

Perhaps most importantly, Plaintiffs do not seek a declaration as to Mr. Cameron in anticipation of any future conduct. "A declaratory judgment is meant to define the legal rights and obligations of the parties in anticipation of *some future conduct*, not simply to proclaim liability for a past act." *Justice Network, Inc. v. Craighead County*, 931 F.3d 753, 764 (8th Cir. 2019)(emphasis in original). "Thus, declaratory relief is limited to *prospective* declaratory relief." *Id*. Plaintiffs do not seek any prospective relief against Mr. Cameron. Therefore, a declaratory judgment is unavailable.

**Count VIII – Abuse of Process**

As an initial matter, Missouri Law should apply to Plaintiffs' abuse of process claim as it relates to Mr. Cameron. Federal courts apply the choice-of-law rules in the state where they sit when examining supplemental jurisdiction claims. *Rios-Gutierrez v. Briggs Traditional Turf*

*Farm, Inc.*, 801 F.Supp. 857, 869 (W.D. Mo. 2025). Applying Arkansas law, the court "…considers first which State has the most significant relationship to the action and the parties, and then analyzes the Leflar factors: (1) predictability of results, (2) maintenance of interstate and international order, (3) simplification of the judicial task, (4) advancement of the forum's governmental interests, and (5) application of the better rule of law." *Shelby County Health Care Corporation v. Southern Farm Bureau Casualty Insurance Company,* 855 F.3d 836, 842 (8th Cir. 2017)(citing *Ganey v. Kawasaki Motors Corp., U.S.A.*, 366 Ark. 238, 234 S.W.3d 838, 846–47 (2006)). In this case, Missouri has the most significant relationship to the action and the parties. Mr. Cameron resides in Missouri, and all of his alleged acts took place in Missouri. Moreover, the Leflar factors weigh in favor of applying Missouri law, particularly the first, second, and fourth factors. See *Shelby County Health Care* at 843.

Under Missouri Law, to prevail on an abuse of process claim, the plaintiff must show three elements: "(1) the present defendant made an illegal, improper, perverted use of process, a use neither warranted nor authorized by the process; (2) the defendant had an improper purpose in exercising such illegal, perverted or improper use of process; and (3) damage resulted." *Trustees of Clayton Terrace Subdivision v. 6 Clayton Terrace, LLC,* 585 S.W.3d 269, 277 (Mo. banc 2019)(quoting *Ritterbusch v. Holt*, 789 S.W.2d 491, 493 (Mo. banc 1990)). Under Missouri law, the tort of abuse of process requires the initiation of legal proceedings against the plaintiff by the defendant. *Laird v. City of St. Louis,* 564 F.Supp. 3d 788, 803 (E.D. Mo. 2021).

In this case, Plaintiffs have not pled that Defendant Cameron initiated any legal proceedings against them. Again, the sole act alleged regarding Mr. Cameron is that he made a general statement in response to media reports.

Respectfully Submitted,

By: ______________________________

Christopher M. Hoeman, MO Bar #62956
Deputy City Attorney
840 Boonville Ave.
Springfield, MO 65802
(417) 864-1645
FAX: (417) 864-1551
choeman@springfieldmo.gov (email)

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the 8th day of October, 2026, the foregoing pleading was provided via first-class mail, postage prepaid, to:

Jonathan Gross
Law Office of Jonathan Gross
2833 Smith Avenue, Suite 331
Baltimore, MD 21209
*Attorney for Plaintiffs*

Jordan Broyles
Ryan C. Hale
Arkansas Attorney General's Office
101 West Capitol Avenue
Little Rock, AR 72201
*Attorneys for Defendants Arkansas Securities Department, Marshall, Joslin, and Griffin*

______________________________
Christopher M. Hoeman