**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF ARKANSAS**
**NORTHERN DIVISION**

**ERIC ORWOLL; PETER JULIUS CSERE; SCOTT THOMAS HALLOWOOD; WISDOM WOODS LLC, an Arkansas limited liability company; GLOBAL HOMESTEAD SOLUTIONS LLC, an Arkansas limited liability company; NORTH ARKANSAS EXCAVATION LLC, an Arkansas Limited liability company; ALLEGORY ACRES LLC, an Arkansas limited liability company; and RETURN TO THE LAND, an unincorporated private membership association** — **PLAINTIFFS**

**v.** — **3:26CV00239 BSM**

**UNITED STATES DEPARTMENT OF JUSTICE; HARMEET K. DHILLON[1], in her official capacity as Assistant Attorney General, Civil Rights Division; CARRIE PAGNUCCO, in her official capacity as Chief, Housing and Civil Enforcement Section; KATIE LEGOMSKY, in her official capacity as Trial Attorney; SHANNON SMITH, in her official capacity as Civil Chief, U.S. Attorney's Office, Eastern District of Arkansas; JONATHAN D. ROSS, in his official capacity as United States Attorney for the Eastern District of Arkansas; UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT; SCOTT TURNER, in his official capacity as Secretary of Housing and Urban Development; CRAIG TRAINOR, in his official capacity as Assistant Secretary for Fair Housing and Equal Opportunity; LON D. MELTESEN, in his official capacity as Director, Office of Special Investigations; HUGH JAMES McGLINCY, in his official capacity as Investigator, Office of Special Investigations; ROBERT A. DOLES, in his official capacity as Acting Deputy Assistant Secretary for Enforcement; ARKANSAS SECURITIES DEPARTMENT; SUSANNAH MARSHALL, in her official capacity as Arkansas Securities Commissioner; JOE JOSLIN, in his official capacity as Associate General Counsel; DAVID CAMERON, in his official capacity as City Manager, Springfield, Missouri; TIM GRIFFIN, in his official capacity as Attorney General of Arkansas** — **DEFENDANTS**

---

[1] Harmeet K. Dhillon has resigned from her position as Assistant Attorney General. The Acting Assistant Attorney General is Craig Trainor.

**BRIEF IN SUPPORT OF DOJ DEFENDANTS' MOTION TO DISMISS**

Plaintiffs filed their complaint in this action on August 21, 2026. *See* Complaint, Doc. No. 1. In their complaint, they name various local, state, and federal agencies and employees as defendants, including the Department of Justice ("DOJ") and DOJ employees Harmeet K. Dhillon, Carrie Pagnucco, Katie Legomsky, Shannon Smith, and Jonathan D. Ross in their official capacities (collectively, "DOJ Defendants"). Plaintiffs' complaint must be dismissed because this Court lacks subject matter jurisdiction over their claims and because plaintiffs' complaint fails to state a claim for which relief can be granted.

## I. ALLEGATIONS OF COMPLAINT

The crux of plaintiffs' complaint is that the DOJ Defendants commenced an investigation into plaintiffs under the Fair Housing Act in June 2026, based on media reporting that plaintiffs maintain a "whites only" housing development, and have not advanced the investigation sufficiently swiftly, nor responded to plaintiffs' request that they be permitted to meet directly with the leadership of the Office of the Assistant Attorney General for Civil Rights. The United States maintains broad authority to conduct pattern or practice investigations under the Fair Housing Act, 42 U.S.C. § 3614(a), and plaintiffs' grievances are not a basis for a federal lawsuit.

Plaintiffs allege that, on June 4, 2026, the DOJ Defendants notified them that an investigation had been opened pursuant to 42 U.S.C. § 3614(a). *See* Complaint, Doc. No. 1, ¶ 9. According to plaintiffs, the letter was signed by DOJ Defendant Harmeet K. Dhillon. *Id.* The letter was "countersigned" by DOJ Defendant Carrie Pagnucco, and DOJ Defendants Shannon Smith and Jonathan D. Ross received copies of the letter. *Id.* ¶ 92. Plaintiffs allege that they provided a "comprehensive response" on July 13, 2026, and that, as of the date of the complaint (August 21,

2026), the DOJ Defendants had not responded to plaintiffs' response or to requests for meetings. *Id.* ¶¶ 9, 94-95.

Plaintiffs also allege that Senator John Cornyn contacted DOJ in April 2025 to request that DOJ investigate an entity named EPIC. *Id.* ¶ 97. According to the complaint, DOJ Defendants Dhillon and Pagnucco signed a letter addressed to EPIC dated June 13, 2025, which advised that the investigation had been closed. *Id.* ¶ 98. Plaintiffs also reference other "identity-based community initiatives" that are not being investigated by DOJ or other government agencies. *See id.* ¶¶ 101-105. Based on these allegations, plaintiffs allege that the DOJ Defendants have retaliated against them in violation of the First Amendment, have violated 42 U.S.C. §§ 1983 and 1985(3), have violated the Equal Protection Clause of the Fourteenth Amendment through the Due Process Clause of the Fifth Amendment, have not complied with the Administrative Procedure Act, 5 U.S.C. § 706, and should be liable for abuse of process, and that plaintiffs are entitled to relief under the Declaratory Judgment Act, 28 U.S.C. §§ 2201-02. *See id.* ¶¶ 146-163, 170-179.

## II. ARGUMENT

Plaintiffs' claims arising under 42 U.S.C. §§ 1983 and 1985(3), the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701-706, and for abuse of process must be dismissed for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1). A federal court must dismiss the action if, at any time, the court determines that it lacks subject-matter jurisdiction. Fed. R. Civ. P. 12(h)(3); *see* Fed. R. Civ. P. 12(b)(1). At all times, "[t]he plaintiff bears the burden to establish subject matter jurisdiction." *Two Eagle v. United States*, 57 F.4th 616, 620 (8th Cir. 2023). Sovereign immunity is jurisdictional in nature, and absent a waiver, it shields the DOJ Defendants from suit. *FDIC v. Meyer*, 510 U.S. 471, 475 (1994). If sovereign immunity is applicable, the court lacks subject matter jurisdiction. *Roth v. United States*, 476 F. App'x 95 (8th Cir. 2012).

Sovereign immunity has not been waived as to plaintiffs' claims under 42 U.S.C. §§ 1983, 1985(3), the Administrative Procedure Act, 5 U.S.C. §§ 701-706, and for abuse of process, so those claims must be dismissed for lack of subject matter jurisdiction.

To the extent plaintiffs attempt to hold the DOJ Defendants liable for failure to act or unreasonable delay under the APA and for alleged violations of First Amendment retaliation and Equal Protection, plaintiffs fail to state a claim for which relief can be granted. In reviewing a Rule 12(b)(6) motion, a court construes the complaint in the light most favorable to the plaintiff. *Northstar Indus. Inc. v. Merrill Lynch & Co.*, 576 F.3d 827, 832 (8th Cir. 2009) ("To survive a motion to dismiss, the factual allegations in a complaint, assumed true, must suffice 'to state a claim to relief that is plausible on its face.'" (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 570 (2007))). However, "[t]he court accepts as true all factual allegations, but is 'not bound to accept as true a legal conclusion couched as a factual allegation.'" *McAdams v. McCord*, 584 F.3d 1111, 1113 (8th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). To survive a motion to dismiss, "[t]he facts alleged in the complaint 'must be enough to raise a right to relief above the speculative level.'" *Clemons v. Crawford*, 585 F.3d 1119, 1124 (8th Cir. 2009) (quoting *Twombly*, 550 U.S. at 555). Because the Declaratory Judgment Act does not provide an independent basis for federal jurisdiction and plaintiffs' remaining claims must be dismissed, plaintiffs' claims under the Declaratory Judgment Act must be dismissed for failure to state a claim.

### A. Plaintiffs' Claims Against the DOJ Defendants Under 42 U.S.C. § 1983 and § 1985(3) Must Be Dismissed for Lack of Subject Matter Jurisdiction

Neither 42 U.S.C. § 1983 nor §1985(3) provides a cause of action against the DOJ Defendants. Section 1983 "applies only to persons acting under 'color of state or territorial law'; it 'does not authorize redress against federal agencies or officials who were acting under federal

law.'" *Cobb v. U.S. Dep't of Educ. Off. For. C.R.*, 487 F. Supp. 2d 1049, 1055-56 (D. Minn. 2007) (quoting *Little Earth of United Tribes, Inc. v. U.S. Dept. of Housing & Urban Dev.*, 584 F. Supp. 1292, 1298 (D. Minn. 1983)); *see also Daniels v. U.S. Dept. of Housing & Urban Dev.*, No. 4:16CV00749 BSM, 2017 WL 3161207, *3 (E.D. Ark. July 25, 2017). A federal agency is not a "person[]" subject to § 1983 liability. While a claim under § 1983 can be sustained against joint federal and state actors acting under color of state law, such a suit must involve claims brought against individual federal officials, not against an agency; the federal agency is immune from suit. *See Cobb*, 487 F. Supp. 2d at 1055. Section 1983 did not waive the United States' sovereign immunity because there is "no clear statement that would make the [government agency] itself subject to liability under § 1983." *Settles v. U.S. Parole Comm'n*, 429 F.3d 1098, 1105 (D.C. Cir. 2005 (Section 1983 as amended "provides no statement or other indication that Congress intended to subject federal entities to § 1983 liability."). In this action, plaintiffs sue DOJ and DOJ officials in their official capacity. *See generally* Complaint, Doc. No. 1. A suit against a federal official in his or her official capacity is a suit against the agency. *Buford v. Runyon*, 160 F.3d 1199, 1203 (8th Cir. 1998). The DOJ Defendants are immune from suit for plaintiffs' claims arising under 42 U.S.C. § 1983; therefore, those claims must be dismissed for lack of subject matter jurisdiction.

Sovereign immunity also bars § 1985(3) actions brought against the United States or its officers acting in their official capacity. *Davis v. U.S. Dep't of Justice*, 204 F.3d 723, 726 (7th Cir. 2000). Because Plaintiffs have sued DOJ and the DOJ officials in their official capacity only, those claims are barred by sovereign immunity. *See id.*; *see also Mendez v. Bocanegra*, No. 20-cv-1438 (JRT/DTS), 2022 WL 2910004, at *2 (D. Minn. May 25, 2022) (dismissing § 2985 claim based on sovereign immunity). Therefore, plaintiffs' § 1985(3) claim must be dismissed for lack of subject matter jurisdiction.

**B. Plaintiffs' Abuse of Process Claim Must Be Dismissed for Lack of Subject Matter Jurisdiction**

In their complaint, without citing any law or authority, plaintiffs allege a claim for "abuse of process," asserting that defendants "abused the investigative process." *See* Complaint, Doc. No. 1, ¶¶ 177-179. A cause of action for "abuse of process" is a claim under state tort law. *See Forrest City Mach. Works, Inc. v. United States*, 953 F.2d 1086 (8th Cir. 1992). Plaintiffs' state law abuse of process claim must be dismissed for lack of subject matter jurisdiction. *Id.* at 1087. The Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671-80, authorizes claims for tort damages against the United States. However, the FTCA specifically excludes "abuse of process" claims from this waiver of sovereign immunity. *See* 28 U.S.C. § 2680(h); *see also Robinson v. United States*, 139 F.4th 994, 996-97 (8th Cir. 2025) (dismissing misrepresentation claim based on § 2680(h) exclusion from the FTCA waiver). While there is a limited exception to allow abuse of process claims against investigative or law enforcements officers who are empowered to execute searches, seize evidence, or make arrests for violations of Federal law, see 28 U.S.C. § 2680(h), that limited exception does not apply here to waive sovereign immunity because plaintiffs have not alleged that defendants are law enforcement officers empowered to execute searches, seize evidence, or make arrests for violations of Federal law. As in *Forrest City Machine Works*, plaintiffs' abuse of process claim must be dismissed for lack of subject matter jurisdiction. 953 F.2d at 1087.

**C. Plaintiffs' Claims Under the Administrative Procedure Act Must Be Dismissed For Lack of Subject Matter Jurisdiction**

In their complaint, plaintiffs assert that the DOJ Defendants violated the Administrative Procedure Act ("APA"), 5 U.S.C. § 706, because their investigation constitutes agency action that is arbitrary and capricious and contrary to constitutional right. *See* Complaint, Doc. No. 1, ¶ 176. The APA provides the framework under which sovereign immunity is waived to allow for judicial

review of agency action. "Agency action made reviewable by statute and final agency action for which there is no other adequate remedy in a court are subject to judicial review." 5 U.S.C. § 704. "An agency action is 'final' if the action both marks the 'consummation' of the agency's decision making process' and is 'one by which rights or obligations have been determined, or from which legal consequences will flow.'" *Minnesota Bankers Association v. FDIC*, 152 F.4th 893, 897 (8th Cir. 2025) (quoting *Bennett v. Spear*, 520 U.S. 154, 177-78 (1997) (internal quotations omitted)). "An agency's initiation of an investigation does not constitute final agency action." *Veldhoen v. U.S. Coast Guard*, 35 F.3d 222, 225 (5th Cir. 1994) (citing *FTC v. Standard Oil Co.*, 449 U.S. 232, 239-45 (1980)). According to plaintiffs' complaint, the DOJ Defendants opened an investigation and did not communicate with plaintiffs for more than four weeks. *See, e.g.*, Complaint, Doc. No. 1, ¶ 176. The opening of an investigation is the first step of the process, and when the decision-making is in the initial stages, there has been no final agency action which would allow for judicial review. *See Hope v. Dep't of Veterans Affairs*, No. 4:18CV00114 JLH, 2018 WL 1020122, at * 2 (E.D. Ark. Feb. 22, 2018).

To the extent that plaintiffs allege in their complaint that they have exhausted their administrative remedies or that any available remedies are futile, that argument does not waive any requirement for a final agency action. *See Hope*, 2018 WL 1020122, at *2. As the United States Supreme Court explained, "[t]he question whether administrative remedies must be exhausted is conceptually distinct . . . from the question of whether an administrative action must be final before it is judicially reviewable." *Williamson Cnty. Reg'l Planning Comm'n v. Hamilton Bank of Johnson City*, 473 U.S. 172, 192 (1985). "'[E]xhaustion' relates to the steps a litigant must take, while 'finality' relates to the completion of action by the agency." *Hope*, 2018 WL 1020122, at *2 (citing *Williamson Cnty.*, 473 U.S. at 193). There has been no final agency action by the DOJ

Defendants, and plaintiffs may not bypass that requirement by asserting futility. The DOJ Defendants are entitled to sovereign immunity, and plaintiffs' claims under the APA—both that the DOJ Defendants violated the APA and their constitutional rights— must be dismissed for lack of subject matter jurisdiction.

### D. Plaintiffs' Claim That DOJ Defendants Failed To Act Under 5 U.S.C. § 706(1) Fails to State A Claim

In their complaint, plaintiffs allege that the DOJ Defendants' failure to respond to communications from plaintiffs within four weeks constitutes unreasonable delay in violation of the APA. *See* Complaint, Doc. No. 1, ¶ 176. While the APA allows a reviewing court to compel agency action that is unlawfully withheld or unreasonably delayed, such a claim can only proceed when a plaintiff asserts that an agency failed to take a discrete agency action that it is required to take. *See Norton v. Southern Utah Wilderness Alliance*, 542 U.S. 55, 62, 64; *see also Kaufman v. Mukasey*, 524 F.3d 1334, 1338 (D.C. Cir. 2008)). When a plaintiff cannot identify a discrete agency action that an agency was required to take, a claim under 5 U.S.C. § 706(1) fails to state a claim. *See Hall v. U.S. Army Corps of Engineers*, No. 4:08CV00278 BSM, 2008 WL 483330, at *7 (E.D. Ark. Nov. 5, 2008). Here, plaintiffs fail to identify a discrete agency action that the DOJ Defendants were required to take, so their claim under § 706(1) fails to state a claim for which relief may be granted and must be dismissed.

### E. Alternatively, Plaintiffs' Claims For First Amendment Retaliation and Equal Protection Fail to State A Claim

Even if the court had subject matter jurisdiction over Plaintiffs' First Amendment and Equal Protection Claims (which it does not as explained in part II.A), plaintiffs' claims for First Amendment retaliation and equal protection against the DOJ Defendants would still have to be dismissed because they fail to state a claim for which relief can be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

### ***1. First Amendment Retaliation***

Plaintiffs' complaint fails to state a claim for First Amendment retaliation against the DOJ Defendants. To state a claim for First Amendment retaliation, plaintiffs must plausibly plead that they engaged in protected activity "and that defendants, to retaliate for the protected activity, took adverse action against [them] that would chill a person of ordinary firmness from engaging in that activity." *Zutz v. Nelson*, 601 F.3d 842, 849 (8th Cir. 2010) (citation omitted). "[T]he plaintiff must show that the defendant would not have taken the adverse action but for harboring "retaliatory animus" against the plaintiff because of his exercise of First Amendment rights." *Mitchell v. Kirchmeier*, 28 F.4th 888, 896 (8th Cir. 2022). Plaintiffs cannot meet their burden merely by showing defendants acted in response to protected activity without pleading facts showing retaliatory animus. *Id.* Aside from the bare conclusion that defendants acted in retaliation to plaintiffs' alleged protected activity, there are no facts pled to support retaliatory motive or animus on the part of the DOJ Defendants. As Plaintiffs' complaint acknowledges, the DOJ Defendants notified Plaintiffs that DOJ was conducting an investigation into whether their *conduct* violated the Fair Housing Act. Doc. 1, ¶ 25. Opening an investigation into whether conduct violates a federal statute that the DOJ has authority to enforce, *see* 42 U.S.C. § 3614(a), does not intrude on Plaintiffs' expressive activity and does not reflect any retaliatory motive. Nor ismere notice that the government has initiated an investigation under the FHA a penalty, prosecution, or other tangible sanction that constitutes an adverse action that will chill an ordinary person from engaging in that activity. *Cf. Hartman v. Moore*, 547 U.S. 250, 256 (2006) (focusing on government's retaliatory criminal prosecutions, or conduct to "punish a person or deprive him of a benefit," rather than the underlying investigation, in case recognizing that "the First Amendment prohibits government officials from subjecting an individual to retaliatory actions . . . for speaking out").

Finally, plaintiffs' conclusory allegations that they have suffered emotional distress and reputational harm are not sufficient to show that defendants' initiation of an investigation would deter a person of ordinary firmness from engaging in the activity. *See Zutz*, 601 F.3d at 849 (holding that reputational damage was insufficient to chill a person of ordinary firmness from engaging in protected activity). Plaintiffs' complaint fails to state a claim of First Amendment retaliation against the DOJ Defendants.

***2. Equal Protection***

Plaintiffs' complaint fails to state a claim for selective enforcement under the Equal Protection clause. To state a claim for selective enforcement, plaintiffs must allege sufficient facts to demonstrate discriminatory effect and discriminatory purpose. *See Johnson v. Crooks*, 326 F.3d 995 (8th Cir. 2003). Plaintiffs make the conclusory allegation that there are "dozens of other private membership associations and intentional communities that define membership by race, ethnicity, or religion yet none has been subjected to similar investigation, scrutiny, or application of law." Compl., Doc. No. 1, ¶ 163. To the contrary, the facts of plaintiffs' own complaint reflect that the DOJ Defendants investigated another group, EPIC, under the same authority. Plaintiffs allege that the DOJ Defendants should have closed their investigation into plaintiffs because DOJ closed its investigation into EPIC. However, plaintiffs allege that DOJ had reasons for closing the EPIC investigation that do not apply to plaintiffs. For example, the EPIC "developer affirmed that 'all will be welcome' in any future development and committed to revise its marketing materials to reflect its obligations under the Fair Housing Act." Compl., Doc. No. 1, ¶¶ 99-100. Plaintiffs do not allege that they have made the same affirmation to DOJ here. Since, according to the allegations in the complaint, DOJ opened investigations into EPIC and plaintiffs, and DOJ closed the EPIC investigation for reasons that plaintiffs do not allege apply to them, plaintiffs cannot

demonstrate discriminatory effect or discriminatory purpose, so their complaint fails to state a claim for selective enforcement under the Equal Protection clause. Based on these allegations, plaintiffs' complaint also fails to sufficiently plead that any comparators, including EPIC, were similarly situated to plaintiffs as is required to plead a selective enforcement claim. *See United States v. White*, 928 F.3d 734, 742–43 (8th Cir. 2019). Plaintiffs' Equal Protection claim fails to state a claim for which relief can be granted and must be dismissed.

### F. Plaintiffs' Claim Under the Declaratory Judgment Act Fails to State a Claim

Plaintiffs assert that they are entitled to relief under the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202. *See* Compl., Doc. No. 1, ¶¶ 170-172. However, the Declaratory Judgment Act does not provide an independent basis for federal jurisdiction. *See Victor Foods, Inc. v. Crossroads Economic Development*, 977 F.2d 1224, 1227 (8th Cir. 1992). Since plaintiffs' other claims fail for lack of jurisdiction or failure to state a claim, there is no basis for plaintiffs' claims under the Declaratory Judgment Act, so those claims must be dismissed.

## III. CONCLUSION

For the foregoing reasons, this Court lacks subject matter jurisdiction over plaintiffs' claims, and plaintiffs fail to state a claim for which relief can be granted in their complaint. Therefore, plaintiffs' complaint must be dismissed.

Respectfully submitted,

JONATHAN D. ROSS
United States Attorney
Eastern District of Arkansas



Jamie Goss Dempsey
Ark. Bar No. 2007239
Assistant U. S. Attorney
425 West Capitol Ave., Suite 500
Little Rock, Arkansas 72201
Tel. (501) 340-2600
jamie.dempsey@usdoj.gov