# EXHIBIT D

**UNITED STATES DEPARTMENT OF HOUSING**

**AND URBAN DEVELOPMENT**

**Office of Fair Housing and Equal Opportunity**

# TITLE VIII CONCILIATION AGREEMENT

**Between**

Department of Housing and Urban Development

Assistant Secretary Craig Trainor

And

Return To The Land, et al.

**HUD INQUIRY:** 869910

## I. PARTIES

**Complainant:**

Craig W. Trainor Assistant Secretary for Fair Housing and Equal Opportunity
U.S. Department of Housing and Urban Development
451 7th St. SW, Washington D.C. 20410

**Respondents:**

Return to the Land
c/o Jonathan McPike, Esq.
Agathos Law, Corporate Counsel
6151 Central Avenue
Indianapolis, IN 45303

Wisdom Woods, L.L.C.
c/o Jonathan McPike, Esq.
Agathos Law, Corporate Counsel
6151 Central Avenue
Indianapolis, IN 45303

Mr. Eric Orwoll
c/o Jonathan McPike, Esq.
Agathos Law, Corporate Counsel
6151 Central Avenue
Indianapolis, IN 45303

Peter Csere, Secretary
Wisdom Woods, L.L.C.
c/o Jonathan McPike, Esq.
Agathos Law, Corporate Counsel
6151 Central Avenue
Indianapolis, IN 45303

Gavin Baker, Manager
Wisdom Woods, L.L.C.
c/o Jonathan McPike, Esq.
Agathos Law, Corporate Counsel
6151 Central Avenue
Indianapolis, IN 45303

Scott Thomas Hallowood, President
Wisdom Woods, L.L.C.
c/o Jonathan McPike, Esq.
Agathos Law, Corporate Counsel
6151 Central Avenue
Indianapolis, IN 45303

**Respondents Return to the Land, Wisdom Woods, L.L.C. and Orwell Legal Representative**:

Jonathan McPike
Agathos Law Corporate Counsel
6151 Central Avenue
Indianapolis, Indiana 46220.

## II. STATEMENT OF FACTS

Craig W. Trainor, Assistant Secretary for Fair Housing and Equal Opportunity, U.S. Department of Housing and Urban Development ("Department or HUD"), on behalf of the Secretary of Housing and Urban Development, opened a Secretary-initiated investigation of housing discrimination, as authorized by Section 3610(a)(1)(A)(iii), to determine whether a complaint should be brought, alleging violations of Sections 804(a), 804(b), Section 804(c), and Section 805 of the Fair Housing Act, as amended in 1988, 42 U.S.C. 3601 et seq. ("the Act").

The investigation concerns whether the Respondents Return to the Land Private Membership Association ("RTTL PMA"), Wisdom Woods LLC, Eric Orwoll, Peter Csere, Gavin Baker, Alan Mock, and Scott Thomas Hallowood (collectively "Respondents or RTTL"), are engaging in various discriminatory real estate transactions and housing practices by utilizing or developing a system, under the guise of a private membership association, to exclude people based on religion, race, color and/or national origin from housing opportunities within their communities.

All Respondents deny the allegations and admit no wrongdoing but agree to settle the claims in the underlying action by entering into this Conciliation Agreement ("Agreement"). This Agreement does not constitute a finding by the Department.

## III. TERM OF AGREEMENT

1. This Agreement shall govern the conduct of the parties to it for a period of three (3) years from the effective date of the Agreement.

## IV. EFFECTIVE DATE

2. The Parties expressly agree that this Agreement constitutes neither a binding contract under state or federal law nor an Agreement pursuant to the Act, unless and until such time as it is approved by the Department through the Director of the Office of Special Investigations ("OSI") or his designee.

3. This Agreement shall become effective on the date on which it is approved by the Department through the Director of OSI, or his designee.

## V. GENERAL PROVISIONS

4. The Parties acknowledge that this Agreement is a voluntary and full settlement of the disputed investigation. The Parties affirm that they have read and fully understand the terms set forth herein. No party has been coerced, intimidated, threatened, or in any way forced to become a party to this Agreement.

5. Respondents acknowledge having an affirmative duty not to discriminate under the Fair Housing Act, and that it is unlawful to retaliate against any person because a person has made a complaint, testified, assisted, or participated in any manner in a proceeding under the Act. Respondents further acknowledge that any subsequent retaliation or discrimination constitutes both a material breach of this Agreement, and a statutory violation of the Act.

6. This Agreement, after it has been approved by the Director of OSI or his designee, is binding upon Respondents, their employees, heirs, successors, assigns and all others in active concert with them in the operation or management of RTTL and associated properties.

7. The Parties acknowledge that, pursuant to Section 810(b)(4) of the Act, upon approval of this Agreement by the Director of OSI or his designee, it is a public document.

8. This Agreement does not in any way limit or restrict the Department's authority to investigate any other complaint involving the Respondents made pursuant to the Fair Housing Act, or any other complaint within the Department's jurisdiction.

9. No amendment to, modification of, or waiver of any provision of this Agreement shall be effective unless: (a) all signatories or their successors to the Agreement agree in writing to the amendment, modification or waiver; (b) the amendment, modification or waiver is in writing; and (c) the amendment, modification, or waiver is approved and signed by the Director of OSI or his designee.

10. The Parties agree that the execution of this Agreement may be accomplished by the Parties' signatures on separate pages, and that the executed Signature Pages attached to the body of this Agreement constitute one document. Signatures may be submitted to the Department electronically (via fax, screenshot or PDF) or by mail.

11. Respondents' signatory hereby acknowledges that they have legal and binding authority to execute this Agreement on behalf of the named Respondents in this matter. HUD's signatory hereby acknowledges that he has legal and binding authority to execute this Agreement on behalf of the named Complainant in this matter.

12. HUD hereby forever waives, releases, and covenants not to sue the Respondents, or their heirs, executors, assigns, agents, employees and attorneys with regard to any and all claims, damages and injuries of whatever nature, whether presently known or unknown, arising out of the subject matter of HUD Case/Inquiry Number 869910 or which could have been filed in any action or suit arising from said subject matter.

13. Respondents hereby forever waive, release, and covenant not to sue the Department, or their successors, assigns, agents, officers, board members, employees and attorneys with regard to any and all claims, damages and injuries of whatever nature whether presently known or unknown, arising out of the subject matter of HUD Case/Inquiry Number 869910, or which could have been filed in any action or suit arising from said subject matter, except nothing herein shall preclude Respondents from having standing to take public positions, or seek legislative or judicial relief concerning HUD policies on cases of this nature.

## VI. RELIEF IN THE PUBLIC INTEREST

*A. Membership and Certification Standards for Member Association Criteria*

14. Within five (5) days of the Effective Date of this Agreement, Respondents shall remove from their Articles of Associations, Operation Agreements, Policies, Practices and Procedures:

(a) Any limitations which restrict membership based in whole or in part on the applicant's or a member of the applicant's household's race, color, national origin or ethnicity, or religion, to the extent that membership status is a prerequisite for owning, renting, or occupying residential real estate. For purposes of this Agreement, residential real estate includes any real estate which contains any building, structure, or portion thereof which is occupied as, or designed or intended for occupancy as, a residence by one or more families, and any vacant land which is offered for sale, lease or

transfer for the construction or location thereon of any such building, structure, or portion thereof;

(b) Any membership requirements which requires the applicant to waive their rights to protection against housing discrimination under any federal, state or local fair housing law, including but not limited to the Civil Rights Act of 1964 and the Fair Housing Act of 1968;

(c) Any Certification Standard for Member Associations which restricts membership based in whole or in part on the applicant's or a member of the applicant's household's race, color, national origin or ethnicity, or religion, or which requires the Member Association to restrict membership based on the applicant's or a member of the applicant's household's race, color, national origin or ethnicity, or religion, to the extent that membership status is a perquisite for owning, renting, or occupying residential real estate; and

(d) Any limitation which restricts a member's ability to sell, lease or transfer residential real estate based in whole or in part on the buyer's, lessee's or transferee's race, color, national origin or ethnicity, or religion.

15. Within ten (10) days of revision, Respondents shall submit copies or other proof of all revisions made under Paragraph 14 to HUD for review.

*B. Membership Application*

16. Within five (5) days of the Effective Date of this Agreement, Respondents shall remove from their Membership Application form any questions soliciting information concerning the applicant's or any member of the applicant's household's:

(a) Race or color;

(b) Ancestry or geographic or ethnic origins; and

(c) Religion or religious beliefs.

17. Within ten (10) days of revision, Respondents shall submit copies or other proof of all revisions made under Paragraph 16 to HUD for review.

18. Respondent agree to maintain a file of all applications for a period of not less than eight years from the effective date of this Agreement.

*C. Sale, Rental or Transfer of Residential Real Estate*

19. Respondents shall cease and desist from restricting or limiting the sale, rental, occupancy or transfer of residential real estate, based on race, color, national origin or ethnicity, or religion.

20. Within five (5) days of the Effective Date of this Agreement, Respondents shall remove from their Articles of Associations, Operation Agreements, Policies, Practices and Procedures, and limitation on the sale, rental, occupancy or transfer

of residential real estate based on race, color, national origin or ethnicity, or religion.

21.Respondents agree to supply copies of all land purchases, rental or transfers and sale, rental or transfer agreements during the reporting period to HUD for review. Respondents further agree to report any fair housing-related complaints received and the outcome of said complaints.

*D. Fair Housing Training*

22. Within ninety (90) days of the Effective Date of this Agreement, Respondents, including all principals, board members, officers, employees, and agents, involved in recruiting families or purchasers, marketing, sales, leasing, and management of the Property, shall participate in and complete a minimum of eight (8) hours of fair housing training approved by HUD. The training shall be at Respondents' expense. Respondents will provide HUD with the date(s) of said training, location, forum, the names and contact information for the trainer, the trainer's qualifications, and an outline of the subject matter for the training, at least thirty (30) days prior to the anticipated date of the training.

*E. Marketing*

23. Within thirty (30) days of the Effective Date of this Agreement, Respondents agree to review and revise all marketing and other materials for dwellings or residential property, including but not limited to all website content, YouTube, all social media platforms, brochures, advertisements, to ensure they are inclusive, non-discriminatory, and do not convey any preference or limitation based on race, color, national origin or ethnicity, or religion. Respondents shall place on their website language stating the following "we are committed to equal housing opportunities. We do not discriminate based on race, color, national origin, religion or any other protected classes."

24. Within ten (10) days of completion, Respondents shall submit copies or other proof of all revisions made under Paragraph 23 to HUD for their review.

*F. Review of Denied Applications*

25. Within ninety (90) days of the Effective Date of this Agreement, Respondents shall review all applicants for membership which were denied and offer said applicants an opportunity to reapply under the revised policies and application. In processing those new applications, Respondents shall not base their decision to grant or deny membership, in whole or in part, on the applicant's or a member of the applicant's household's race, color, national origin or ethnicity, or religion.

26. Within one hundred and eighty (180) days of the Effective Date of this Agreement, Respondents shall provide proof of compliance with Paragraph 25.

*G. Compensation Fund*

27. Within thirty (30) days of the Effective Date of this Agreement, Respondents shall create a Compensation Fund to compensate victims who were denied the opportunity to become a member and to own, rent or receive residential real estate due to race, color, national origin or ethnicity, or religion. Respondents shall deposit $40,000, the value of 20 acres at the rate of $2,000 per acre, into the fund, in an interest-bearing account. This fund will be used solely to pay either monetary claims or grant acreage to individuals who have been denied the opportunity to purchase land within the community established by RTTL. The fund will remain effective for a total of four (4) years from the date of this agreement. Within seven (7) days of the creation of this fund, Respondents, at their expense, will advertise the Compensation Fund in the local papers, their website, and other media outlets including, but not limited to, YOU Tube, X, etc., and direct potential victims on filing a claim. Information on how to file a claim will be provided through a link that HUD will create and monitor. All claimant forms will be reviewed by HUD. All compensation to victims must be approved by HUD. Funds will be paid to victims within 10 days of approval by HUD. Any interest that accrues will remain part of the Compensation Fund. All funds remaining after the designated four (4) year requirement will be returned to the Respondents.

*H. Civil Penalties*

28. Within thirty (30) days of the Effective Date of this Agreement, Respondent shall pay a civil penalty pursuant to section 812(g)(3) of the Act in the amount of ten thousand dollars ($10,000.00). Such sum shall be paid by submitting a check made payable to the United States Department of Housing and Urban Development.

29. Respondent shall include a cover letter with the check indicating that the check is for the civil penalty and reference the FHEO case number. Respondent shall send a copy of the check and cover letter to HUD at the email address provided in Paragraph 31.

## VII. REPORTING AND RECORD KEEPING:

30. Unless otherwise stated, within ten (10) days of completing each required item in Section VI, Respondents shall provide the Department with a signed certification stating that the item has been completed as required and evidence demonstrating compliance with the item.

31. All required certifications and documentation of compliance must be submitted to: Hugh James McGlincy at Hugh.j.McGlicny@hud.gov

32. During the term of this Agreement, Respondents shall notify the Department of any formal complaint filed against them with a local, state. or federal agency regarding equal opportunity or discrimination in housing within ten (10) days of receipt of any such complaint. Respondents shall provide a copy of the complaint with the notification to the Department. Respondents shall also promptly provide the Department with all information it may request concerning any such complaint and its actual or attempted resolution.

## VIII. MONITORING AND COMPLIANCE

33. The Department shall determine compliance with the terms of this Agreement. During the term of this Agreement, the Department may conduct reviews. As part of such review, the Department may inspect the offices and entities where pertinent records of the Respondents are kept. The Respondents all agree to provide their full cooperation in any monitoring review undertaken by the Department to ensure compliance with this Agreement.

34. As a part of such review, HUD may inspect the Property, examine witnesses, and examine and copy other pertinent records, whenever HUD has reasonable cause to believe that an Agreement has been breached.

35. This Agreement does not preclude HUD from taking further action against Respondents under the applicable rules and regulations.

36. Should any provision of this Agreement be determined to be invalid or unenforceable, it is agreed that such determination shall not affect the enforceability of other provisions herein.

## IX. CONSEQUENCES OF BREACH

37. Whenever the Department has reasonable cause to believe that the Respondents have breached this Agreement, the matter may be referred to the Attorney General of the United States, to commence a civil action in the appropriate U.S. District Court, pursuant to Sections 810(c) and 814(b)(2) of the Act.

## X. SIGNATURES

*A. Complainant*

| | |
|---|---|
| On behalf of HUD, Complainant<br>Craig W. Trainor<br>Assistant Secretary for Fair Housing and Equal Opportunity<br>U.S. Department of Housing and Urban Development. | Date |

*B. Respondents*

| | |
|---|---|
| On behalf of<br>RTTL | Date |
| On behalf of<br>Eric Orwoll | Date |
| On behalf of<br>Wisdom Woods LLC | Date |
| On behalf of<br>Peter Csere<br>Wisdom Woods LLC | Date |
| On behalf of<br>Gavin Baker<br>Wisdom Woods, L.L.C. | Date |
| On behalf of<br>Alan Mock | Date |
| On behalf of<br>Scott Thomas Hallowood<br>Wisdom Woods, L.L.C. | Date |

## XI. APPROVAL

______________________________________________ ____________________
Lon D. Meltesen, Director, Office of Special Investigations Date